**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 22-cr-023-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STEVEN MCCONNELL,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE REPORT**

---

The United States of America, by and through Melissa Hindman, Assistant United States Attorney, supports the position of the U.S. Probation Office and requests that the Court impose the conditions of supervised released articulated in the Presentence Report, including special conditions 7-11 pertaining to financial monitoring. ECF #41-1, p. R-3.

This financial oversight is crucial for the defendant to be effectively monitored by a probation officer upon his release from prison. As noted by probation, the defendant faces a mandatory $100 special assessment, as well as the $5,000 JVTA assessment and up to $50,000 for the AVAA assessment. These assessments contribute to victim funds and are clearly within the sentencing factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2). Financial monitoring is necessary to ensure the defendant complies with any payment schedule established for these special assessments.

In addition, special conditions 1 and 2, to which the defendant does not object,

requires the defendant to "pay for the cost of treatment based on [his] ability to pay." These conditions require the defendant to participate in a mental health treatment program and a sex-offense specific treatment program and further require the defendant to comply with all rules and regulations of the programs, which may include polygraph testing and visual response testing. Other conditions to which the defendant did not object include refraining from possessing controlled substances and possessing only approved and monitored internet-capable devices. All of these conditions are all clearly related to the statutory sentencing factors. Financial monitoring is crucial for the probation office to effectively ensure compliance with these conditions, by providing insight into the defendant's ability to pay for treatment, prohibited purchases of controlled substances or unapproved devices, and financial transactions indicative of secret-keeping behavior that violates the rules and regulations of the sex-offense specific treatment program.

For all these reasons, the Government joins with the U.S. Probation Office in asking the Court to impose the conditions of supervised release described in the presentence report.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Melissa Hindman*
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0401
E-mail: Melissa.Hindman@usdoj.gov
Attorney for Government